UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL KENNY ARRIAGA RAMIREZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05658-DAD-CSK

ORDER GRANTING IN PART PETITIONER FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On July 20, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that he entered the United States as a small child and was detained by ICE on January 28, 2026. (Doc. No. 1 at 5–6.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On July 21, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.)

In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) On July 23, 2026, respondents filed a response to the *habeas* petition, in which they state that they are amenable to the court ruling on the underlying petition for writ of *habeas corpus* based upon the briefing currently before the court. (Doc. No. 10 at 1.)

Petitioner argues that his detention has become prolonged and is in violation of the Fifth Amendment Due Process Clause because he has been continuously detained since January 28, 2026, without a bond hearing.[1] (Doc. No. 1 at 6, 18–19.) Respondents argue petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] Respondents have provided authenticated documents establishing that petitioner was convicted a violation of California Vehicle Code § 10851(a), unlawful taking or driving of a vehicle without the owners consent, and was sentenced to two years in the state prison on or about April 23, 2025. (Doc. No. 10-1 at 5.) In addition, according to the criminal history report provided by respondents, petitioner was convicted of three violations of California Penal Code § 459, first degree burglary, and was sentenced to a total of 104 months in the state prison on or about June 17, 2019. (Doc. No. 10-2 at 5–6.)

Respondents are correct that as a result of petitioner's prior convictions, he is subject to mandatory detention pursuant to § 1226(c). *See Rivas Amaya v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00884-DJC-SCR, 2026 WL 1651019 (E.D. Cal. June 8, 2026) ("Respondent is correct that petitioner's detention is mandatory under § 1226(c)(1)(A) because he

---

[1] The court notes that petitioner makes general allegations regarding the conditions of his confinement. (Doc. No. 1 at 6.) However, in petitioner's sole claim for relief he alleges that his ongoing prolonged detention absent a bond hearing violates due process. (*Id.* at 18–19.) The court therefore does not consider petitioner's conditions of confinement as a separate claim for relief.

[2] Respondents also argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). The court rejects this argument for the reasons stated in *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (E.D. Cal. Feb. 12, 2026) and finds that petitioner is not subject to mandatory detention pursuant to § 1225(b).

has been convicted of an 'offense covered in section 1182(a)(2) of this title;['] specifically, he has been convicted of '2 or more offenses . . . for which the aggregate sentences to confinement were 5 years or more.'") (quoting 8 U.S.C. §§ 1226(c)(1)(A) and 1182(a)(2)(B)). However, respondents do not make any argument regarding petitioner's prolonged detention claim. The court incorporates and adopts its reasoning set forth in *Roque Soto v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-00893-DAD-CSK, 2026 WL 1983409, at *3 (E.D. Cal. July 9, 2026) and concludes that the *Mathews* factors weigh in favor of petitioner receiving a bond hearing in light of his having been detained for nearly seven months without such a hearing, and that the clear and convincing evidence standard shall apply at that hearing with the burden of proof being placed on the government.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART as follows:
    a. Respondents are ORDERED to provide petitioner Michael Kenny Arriaga Ramirez, A-File No. 240-464-898, with a substantive bond hearing within ten (10) days of the date of entry of this order, at which hearing respondents will bear the burden of demonstrating that petitioner is a danger to the community or a risk of flight by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his petition on the merits;
3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED; and
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 24, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE